# United States District Court

## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

**CHARLES STEVEN SIMMONS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05-CR-163

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
    - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
    - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 33 years old. For well over a dozen years, defendant has used both cocaine and marijuana on a daily basis. He has a lengthy criminal record, the most recent charges being for delivery and manufacturing of a controlled substance for which he was placed on lifetime probation by the Ingham County Circuit Court in June 2002. While defendant was released from lifetime probation on July 15, 2005, apparently because he told the court he wanted to move to Texas to be with his estranged wife, the 5 present charges pending against him all allegedly occurred while he was on probation. Several of the charges against defendant arise from 3 drug sales he made to (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumption in this instance. Although defendant offers that he could continue to live with his mother, the court is not inclined to place him back into a house that he had turned into a drug house due to his mother's incapacity. This does not rebut the presumption. Alternatively, however, the court further finds by clear and convincing evidence on the (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 2, 2005

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Charles Steven Simmons
1:05-CR-163
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

> undercover officers from police and sheriff's departments. At the time defendant was living with his mother who is quite immobile from recent knee operations. A search warrant executed at his mother's house shows the defendant was using it as a drug house. Two guns, scales and narcotics were found at the house, although the mother testified the guns belonged to her.
>
> At the time defendant was apprehended, he attempted to flee from police and had to be tackled by one or more officers from the Lansing Police Department, with assistance of a canine.
>
> Significantly, the criminal charges arising from incidents on April 22 and April 27, 2005, involving 50 grams and 5 grams of crack cocaine respectively, occurred not only while defendant was on probation, but after the search warrant for his mother's home had been executed and defendant knew the police were investigating him.

**Part II - Written Statement of Reasons for Detention** - (continued)

> facts alone, that there are no conditions or combination of conditions that will assure the safety of the community in light of defendant's continued drug dealing, even while under the supervision of another court (i.e., probation from the Ingham County Circuit Court) and following execution of a search warrant on his mother's home where he was living, which placed him on notice that the police were investigating him. If probation and the police investigation of his home was not enough to deter him from continued drug dealing in the community, the court would be hard pressed to find any conditions that would assure that the drug dealing would not continue.